JOHN J. KADLIC
Reno City Attorney
JACK D. CAMPBELL
Deputy City Attorney
Nevada State Bar #4938
Post Office Box 1900
Reno, NV 89505
(775) 334-2050
*Attorneys for City of Reno, Reno Police Department, Keith Pleich, And Scott Rasmussen*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DENISE ABBEY, individually, and as special administrator of the ESTATE OF MICAH ABBEY, <br><br>   Plaintiffs, <br> vs. <br><br> CITY OF RENO; RENO POLICE DEPARTMENT; KEITH PLEICH individually and in his official capacity as a Police Officer for CITY OF RENO and RENO POLICE DEPARTMENT; DANIEL BOND individually and in his official capacity as a Police Officer for CITY OF RENO and RENO POLICE DEPARTMENT; SCOTT RASMUSSEN individually and in his official capacity as a Police Officer for CITY OF RENO and RENO POLICE DEPARTMENT; BRAD DEMITROPOULIS; And DOES through X, inclusive. <br><br>   Defendants. | Case No.: 3:13-cv-00347-VPC-LRH |

**DEFENDANTS CITY OF RENO, RENO POLICE DEPARTMENT, KEITH PLEICH, AND SCOTT RASMUSSEN'S ANSWER TO THE SECOND AMENDED COMPLAINT**

COMES NOW, Defendants CITY OF RENO, RENO POLICE DEPARTMENT, KEITH PLEICH, AND SCOTT RASMUSSEN'S, (hereinafter CITY OF RENO), by and through their

attorneys, JOHN J. KADLIC, Reno City Attorney and JACK D. CAMPBELL, Deputy Reno City Attorney, hereby answers Plaintiff's Complaint by admitting, denying and averring as follows.

(**Introduction**)

1. CITY OF RENO denies the allegations in Paragraph No. 1.

(**Jurisdiction and Venue**)

2. CITY OF RENO admits to this Court's jurisdiction for the instant action but denies the remaining allegations in Paragraph No. 2.

3. CITY OF RENO admits the venue is properly vested with this Court pursuant to Paragraph No. 3.

(**Parties**)

4. CITY OF RENO is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph No.4.

5. CITY OF RENO is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph No. 5.

6. CITY OF RENO admits that it is a municipality organized as such pursuant to the laws of the State of Nevada, but is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph No. 6.

7. CITY OF RENO admits that the RENO POLICE DEPARTMENT is a police department in the State of Nevada.  CITY OF RENO is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph No. 7.

8. CITY OF RENO admits that KEITH PLEICH is an Officer with the Reno Police Department.  CITY OF RENO is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph No. 8.

9. CITY OF RENO admits that DANIEL BOND is an Officer with the Reno Police Department.  CITY OF RENO is without knowledge or information sufficient to

1  form a belief as to the truth or falsity of the remaining allegations in Paragraph No. 9.

10. CITY OF RENO admits that SCOTT RASMUSSEN is an Officer with the Reno Police Department.  CITY OF RENO is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph No. 10.

11. CITY OF RENO is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph No. 11.

12. CITY OF RENO is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph No. 12.  Furthermore, CITY OF RENO reserves the right to amend this Answer should Plaintiff name any additional party as identified in this paragraph.

13. CITY OF RENO denies the allegations in Paragraph No. 13.

14. CITY OF RENO admits to the allegations in Paragraph No. 14.

15. CITY OF RENO has no objection to the Complaint being pled in the alternative pursuant to Fed.R.Civ.P. 8(d)(2).

**(Factual Background)**

16. CITY OF RENO reaffirms and incorporates its answers to Paragraphs 1 through 15, above, as if set forth here in verbatim.

17. CITY OF RENO is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph No. 17.

18. CITY OF RENO is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations made regarding Micah Abbey's mental, physical, and emotional conditions, but denies the remaining allegations that the CITY OF RENO knew or should have known about said conditions.

19. CITY OF RENO is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph No. 19.

20. CITY OF RENO is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph No. 20.
21. CITY OF RENO is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph No. 21.
22. CITY OF RENO is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph No. 22.
23. CITY OF RENO is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph No. 23.
24. CITY OF RENO is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph No. 24.
25. CITY OF RENO is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph No. 25.
26. CITY OF RENO is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph No. 26.
27. CITY OF RENO is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph No. 27.
28. CITY OF RENO is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph No. 28.
29. CITY OF RENO denies allegations in Paragraph No. 29.
30. CITY OF RENO is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph No. 30.
31. CITY OF RENO denies allegations in Paragraph No. 31.
32. CITY OF RENO is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph No. 32.
33. CITY OF RENO is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph No. 33.
34. CITY OF RENO denies allegations in Paragraph No. 34.
35. CITY OF RENO denies allegations in Paragraph No. 35.

36. CITY OF RENO denies allegations in Paragraph No. 36.
37. CITY OF RENO denies allegations in Paragraph No. 37.
38. CITY OF RENO denies allegations in Paragraph No. 38.
39. CITY OF RENO denies allegations in Paragraph No. 39.
40. CITY OF RENO denies allegations in Paragraph No. 40.
41. CITY OF RENO denies allegations in Paragraph No. 41.
42. CITY OF RENO admits that Defendants removed the RIPP restraints and handcuffs, and started cardio pulmonary resuscitation as alleged in Paragraph No. 42. CITY OF RENO denies the allegations about the Reno Fire Department's and Remsa's success.
43. CITY OF RENO is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph No.43.
44. CITY OF RENO is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph No. 44.
45. CITY OF RENO denies the allegations in Paragraph No. 45.
46. CITY OF RENO admits to the allegations in Paragraph No. 46.
47. CITY OF RENO denies the allegations in Paragraph No. 47.
48. CITY OF RENO denies the allegations in Paragraph No. 48.
49. CITY OF RENO denies the allegations in Paragraph No. 49.
50. CITY OF RENO denies the allegations in Paragraph No. 50.
51. CITY OF RENO denies the allegations in Paragraph No. 51.

**COUNT I**

(Violation of 42 U.S.C.A § 1983)

52. CITY OF RENO reaffirms and incorporates its answers to Paragraphs 1 through 51, above, as if set forth here in verbatim.
53. CITY OF RENO denies the allegations in Paragraph No. 53.
54. CITY OF RENO denies the allegations in Paragraph No. 54, including subsections a-e.

1  55.   CITY OF RENO denies the allegations in Paragraph No. 55.

2  56.   CITY OF RENO denies the allegations in Paragraph No. 56.

3  57.   CITY OF RENO denies the allegations in Paragraph No. 57.

4  58.   CITY OF RENO denies the allegations in Paragraph No. 58.

**COUNT II**

(Violation of 42 U.S.C.A § 1983)

(MONELL CLAIM)

8  59.   CITY OF RENO reaffirms and incorporates its answers to Paragraphs 1 through 58, above, as if set forth here in verbatim.

10  60.   CITY OF RENO denies the allegations in Paragraph No. 60, including subsections a-h.

12  61.   CITY OF RENO denies the allegations in Paragraph No. 61.

13  62.   CITY OF RENO denies the allegations in Paragraph No. 62.

14  63.   CITY OF RENO denies the allegations in Paragraph No. 63.

15  64.   CITY OF RENO denies the allegations in Paragraph No. 64.

16  65.   CITY OF RENO denies the allegations in Paragraph No. 65.

17  66.   CITY OF RENO denies the allegations in Paragraph No. 66

18  67.   CITY OF RENO denies the allegations in Paragraph No. 67; including subsections a-j.

20  68.   CITY OF RENO denies the allegations in Paragraph No. 68.

**COUNT III**

(NEGLIGENCE)

23  69.   CITY OF RENO reaffirms and incorporates its answers to Paragraphs 1 through 68, above, as if set forth here in verbatim.

25  70.   CITY OF RENO is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph No. 70.

27  71.   CITY OF RENO is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph No. 71.

1   72.   CITY OF RENO is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph No. 72.

3   73.   CITY OF RENO is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph No. 73.

5   74.   CITY OF RENO denies the allegations in Paragraph No. 74

6   75.   CITY OF RENO denies the allegations in Paragraph No. 75.

**COUNT IV**

(ASSAULT AND BATTERY)

76.   CITY OF RENO reaffirms and incorporates its answers to Paragraphs 1 through 75, above, as if set forth here in verbatim.

77.   CITY OF RENO denies the allegations in Paragraph No. 77.

78.   CITY OF RENO denies the allegations in Paragraph No. 78.

**COUNT V**

(WRONGFUL DEATH)

79.   CITY OF RENO reaffirms and incorporates its answers to Paragraphs 1 through 78, above, as if set forth here in verbatim.

80.   CITY OF RENO is without knowledge or information sufficient to form a belief as to the truth or falsity of the factual allegations in Paragraph No. 80.

81.   CITY OF RENO is without knowledge or information sufficient to form a belief as to the truth or falsity of the factual allegations in Paragraph No. 81.

82.   CITY OF RENO is without knowledge or information sufficient to form a belief as to the truth or falsity of the factual allegations in Paragraph No. 82.

83.   CITY OF RENO denies the allegations in Paragraph No. 83.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

Micha Abbey knowingly, voluntarily, and unreasonably assumed the risk of the conduct, events, and matters alleged in the Complaint such that any damages or injuries sustained by Plaintiffs were the direct, proximate, and legal result of the risks so assumed.

**SECOND AFFIRMATIVE DEFENSE**

The Plaintiffs' injuries and damages alleged in the Complaint were caused by independent, intervening causes and not by any negligence, act, omission, or other conduct, intentional or otherwise, on the part of the CITY OF RENO.

**THIRD AFFIRMATIVE DEFENSE**

During the time of the incident alleged in the Complaint, Plaintiffs have failed to conduct themselves as reasonable persons would if confronted with the same facts and circumstances. Therefore, Plaintiffs have failed to mitigate their damages.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs' damages were caused by the conduct of independent third parties which the CITY OF RENO could not directly influence or control. Therefore, CITY OF RENO is not responsible or liable for such independent third party actions. Furthermore, CITY OF RENO reserves the right to amend this pleading should the identity of these third parties become known.

**FIFTH AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim against the CITY OF RENO upon which relief may be granted.

**SIXTH AFFIRMATIVE DEFENSE**

Micha Abbey failed to conduct himself as a reasonable person facing the same facts and circumstances. Abbey was negligent in and about the matters alleged in the complaint, and such negligence directly, proximately and legally contributed to the injuries and damages such that Abbey's comparative negligence is greater than the negligence of the CITY OF RENO, and the combined negligence of all named defendants thereby barring recovery by the Plaintiffs pursuant to NRS 41.141.

**SEVENTH AFFIRMATIVE DEFENSE**

CITY OF RENO is immune from liability in this matter pursuant to NRS 41.032.

**EIGHTH AFFIRMATIVE DEFENSE**

The award of punitive damages is not recoverable against the CITY OF RENO and the named individuals in their official capacity.

**NINTH AFFIRMATIVE DEFENSE**

The Reno Police Officers are entitled to qualified immunity.

**TENTH AFFIRMATIVE DEFENSE**

Defendants are granted qualified, discretionary, and good faith immunity to the claims made herein.

**ELEVENTH AFFIRMATIVE DEFENSE**

CITY OF RENO cannot be held liable for the acts alleged herein pursuant to NRS 41.0336.

**TWELTH AFFIRMATIVE DEFENSE**

After reasonable investigation and inquiry, the CITY OF RENO believes the affirmative defenses presented herein are applicable, subject to the obligations set forth in the FRCP 11. CITY OF RENO reserves the right to amend this pleading to include any additional or further affirmative defenses as their basis becomes known and relevant.

WHEREFORE, DEFENDANT, CITY OF RENO, prays for judgment as follows:

1. That Plaintiff takes nothing by reason of her Complaint, and that the same be dismissed with prejudice.
2. For an award of all costs and fees incurred in presenting a defense herein.
3. For an award of all attorney's fees incurred in presenting a defense herein.
4. For any additional or further relief this Court may deem just and proper.

DATED this 24th day of September, 2013.

JOHN J. KADLIC
Reno City Attorney

By: /s/ JACK D. CAMPBELL
JACK D. CAMPBELL
Deputy City Attorney
Nevada State Bar #4938
Post Office Box 1900
Reno, Nevada 89505
(775) 334-2050
*Attorneys for City of Reno,*
*Reno Police Department,*
*Keith Pleich, and Scott Rasmussen*

## CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I certify that I am an employee of the RENO CITY ATTORNEY'S OFFICE, and that on this date, I am serving the foregoing document(s) on the party(s) set forth below by:

_____  Placing an original or true copy thereof in a sealed envelope placed for collection and mailing in the United States Mail, at Reno, Nevada, postage prepaid, following ordinary business practices.

_____  Personal delivery.

__X__  CM/ECF electronic service

_____  Facsimile (FAX).

_____  Federal Express or other overnight delivery.

_____  Reno/Carson Messenger Service.

addressed as follows:

| | |
|---|---|
| Richard Salvatore, Esq.<br>HARDY LAW GROUP<br>96 & 98 Winter Street<br>Reno, NV 89503<br>Fax – (775) 322-2303<br>*Attorney for Plaintiff* | Cal J. Potter, III<br>Potter Law Offices<br>1125 Shadow Lane<br>Las Vegas, NV 89102-2314<br>Fax – (702) 385-9081<br>*Attorney for Plaintiff* |

DATED this 24th day of September, 2013.

/s/ Christine Felch
Christine Felch, Legal Assistant