GARY A. CARDINAL
Assistant General Counsel
Nevada Bar No. 76
University of Nevada, Reno
1664 North Virginia Street/MS 0550
Reno, Nevada  89557-0550
(775) 784-3495
(775) 327-2202--FAX
*Attorney for Defendant*
*BRAD DEMITROPOULOS*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

★★★★★

| | |
|---|---|
| DENISE ABBEY, individually, and as special administrator of the ESTATE OF MICAH ABBEY, | Case No.: 3:13-cv-00347-LRH-VPC |
| Plaintiffs, | **DEFENDANT DEMITROPOULOS' AMENDED ANSWER TO THIRD AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |
| vs. | |
| CITY OF RENO; RENO POLICE DEPARTMENT; KEITH PLEICH individually and in his official capacity as a Police Officer for CITY OF RENO AND RENO POLICE DEPARTMENT; DANIEL BOND individually and in his official Capacity as a Police Officer for CITY OF RENO and RENO POLICE DEPARTMENT; SCOTT RASMUSSEN Individually and in his official Capacity as a Police Officer for CITY OF RENO and RENO POLICE DEPARTMENT; BRAD DEMITROPOULOS; BOARD OF REGENTS FOR THE NEVADA SYSTEM OF HIGHER EDUCATION ON BEHALF OF THE UNIVERSITY OF NEVADA, RENO; and DOES I through X, inclusive, | |
| Defendants.            / | |

Defendant Brad Demitropoulos (hereinafter, "Demitropoulos") hereby amends

his answers to Plaintiffs' Third Amended Complaint as follows:

/ / /

## INTRODUCTION

1.      Responding to paragraph 1, Demitropoulos denies that there was a wrongful death or that it occurred at his hands. Demitropoulos lacks sufficient information to form a belief as to the truth of the allegations of this paragraph, and therefore denies the same.

## JURISDICTION AND VENUE

2.      Responding to paragraph 2, Demitropoulos denies the existence of any valid claims for civil rights violations or wrongful death under the statues referenced in this paragraph, under other statues, or under the common law.

3.      Responding to paragraph 3, Demitropoulos admits that he is a resident of the District of Nevada, but lacks sufficient information to form a belief as to the truth of the remaining allegations of this paragraph, and therefore denies the same.

## PARTIES

4.      Responding to paragraph 4, Demitropoulos lacks sufficient information to form a belief as to the truth of the allegations of this paragraph, and therefore denies the same.

5.      Responding to paragraph 5, Demitropoulos lacks sufficient information to form a belief as to the truth of the allegations of this paragraph, and therefore denies the same.

6.      Responding to paragraph 6, the allegations of this paragraph do not apply to this answering Defendant, such that no response is necessary.  Should the allegations of this paragraph be interpreted to apply to Demitropoulos, they are expressly denied.

7.      Responding to paragraph 7, the allegations of this paragraph do not apply to this answering Defendant, such that no response is necessary.  Should the allegations of this paragraph be interpreted to apply to Demitropoulos, they are expressly denied.

8.      Demitropoulos admits the allegations of paragraph 8.

9.      Responding to paragraph 9, the allegations of this paragraph do not apply to this answering Defendant, such that no response is necessary.  Should the allegations of this paragraph be interpreted to apply to Demitropoulos, they are expressly denied.

10.      Responding to paragraph 10, the allegations of this paragraph do not apply to this answering Defendant, such that no response is necessary.  Should the allegations of this paragraph be interpreted to apply to Demitropoulos, they are expressly denied.

11.      Responding to paragraph 11, the allegations of this paragraph do not apply to this answering Defendant, such that no response is necessary.  Should the allegations of this paragraph be interpreted to apply to Demitropoulos, they are expressly denied.

12.      Responding to paragraph 12, Demitropoulos admits that he was an officer with the University of Nevada Police Services and that he resided in Washoe County, Nevada at all times alleged in the Third Amended Complaint.

13.      Responding to paragraph 13 Demitropoulos lacks sufficient information to form a belief as to the truth of the allegations in this paragraph, and therefore denies the same.

14.      Demitropoulos denies all of the allegations in paragraph 14.

15.      Responding to paragraph 15, Demitropoulos admits that at all material times, he was acting under color of law.

16.      Responding to paragraph 16, Demitropoulos states that Fed.R.Civ.P. 8(d)(2) speaks for itself.

**FACTUAL BACKGROUND**

17.      Responding to paragraph 17, Demitropoulos adopts by reference and incorporates herein all of his responses to paragraphs 1 through 16, inclusive, as if set forth in full at this point.

/ / /

1        18.     Responding to paragraph 18, Demitropoulos believes the allegations of

2   this paragraph to be true, based upon information received from subsequent

3   investigative reports, and therefore admits the same.

4        19.     Responding to paragraph 19, Demitropoulos denies that at the time of the

5   occurrences alleged in the complaint he knew or should have known of Micah Abbey's

6   alleged mental, physical and emotional conditions. Demitropoulos lacks sufficient

7   information to form a belief as to the truth of the remaining allegations of this paragraph,

8   and therefore denies the same.

9        20.     Responding to paragraph 20, Demitropoulos believes the allegations of

10  this paragraph to be true, based upon information received from subsequent

11  investigative reports, and therefore admits the same.

12       21.     Responding to paragraph 21, Demitropoulos believes the allegations of

13  this paragraph to be true, based upon information received from subsequent

14  investigative reports, and therefore admits the same.

15       22.     Responding to paragraph 22, Demitropoulos believes the allegations of

16  this paragraph to be true, based upon information received from subsequent

17  investigative reports, and therefore admits the same.

18       23.     Responding to paragraph 23, Demitropoulos believes the allegation that

19  Defendant Pleich arrived at the residence at approximately 7:56 to be true, based upon

20  information received from subsequent investigative reports, and therefore admits the

21  same. Demitropoulos lacks sufficient information to form a belief as to the truth of the

22  remaining allegations of this paragraph, and therefore denies the same.

23       24.     Responding to paragraph 24, Demitropoulos lacks sufficient information to

24  form a belief as to the truth of the allegations of this paragraph, and therefore denies the

25  same.

26  / / /

27  / / /

28  / / /

-4-

25.     Responding to paragraph 25, Demitropoulos lacks sufficient information to form a belief as to the truth of the allegations of this paragraph, and therefore denies the same.

26.     Responding to paragraph 26, Demitropoulos lacks sufficient information to form a belief as to the truth of the allegations of this paragraph, and therefore denies the same.

27.     Responding to paragraph 27, Demitropoulos lacks sufficient information to form a belief as to the truth of the allegations of this paragraph, and therefore denies the same.

28.     Responding to paragraph 28, Demitropoulos believes the allegation that Defendant Bond arrived at the residence at approximately 8:06 to be true, based upon information received from subsequent investigative reports, and therefore admits the same.  Demitropoulos lacks sufficient information to form a belief as to the truth of the remaining allegations of this paragraph, and therefore denies the same.

29.     Responding to paragraph 29, Demitropoulos denies the allegations of this paragraph.

30.     Responding to paragraph 30, Demitropoulos lacks sufficient information to form a belief as to the truth of the allegations of this paragraph, and therefore denies the same.

31.     Responding to paragraph 31, Demitropoulos believes the allegation that Abbey refused to go and resisted to be true, based upon subsequent investigative reports, and therefore admits the same. Demitropoulos lacks sufficient information to form a belief as to the truth of the remaining allegations of this paragraph, and therefore denies the same.

32.     Responding to paragraph 32, Demitropoulos believes the allegation that Abbey attempted to escape through a window of his bedroom to be true based upon subsequent investigative reports, and therefore admits the same. Demitropoulos lacks

1  sufficient information to form a belief as to the truth of the remaining allegations of this

2  paragraph, and therefore denies the same.

3       33.       Responding to paragraph 33, Demitropoulos believes the allegation that

4  Abbey attempted to escape through a window of his bedroom to be true based on

5  subsequent investigative reports, and therefore admits the same. Demitropoulos lacks

6  sufficient information to form a belief as to the truth of the remaining allegations of this

7  paragraph, and therefore denies the same.

8       34.       Responding to paragraph 34, Demitropoulos denies the allegations of

9  this paragraph insofar as they pertain to him, but admits that he used only reasonable,

10 lawful, and justified levels of force as required by Abbey's actions.  Demitropoulos

11 lacks sufficient information to form a belief as to the truth of the allegations of this

12 paragraph insofar as they pertain to others, and therefore denies the same.

13      35.       Responding to paragraph 35, Demitropoulos denies all of the allegations

14 of this paragraph insofar as they pertain to him.  Demitropoulos lacks sufficient

15 information to form a belief as to the truth of the allegations of this paragraph insofar

16 as they pertain to others, and therefore denies the same.

17      36.       Responding to paragraph 36, Demitropoulos denies all of the allegations

18 of this paragraph insofar as they pertain to him. Demitropoulos lacks sufficient

19 information to form a belief as to the truth of the allegations of this paragraph insofar

20 as they pertain to others, and therefore denies the same.

21      37.       Responding to paragraph 37, Demitropoulos denies all of the allegations

22 of this paragraph insofar as they pertain to him.  Demitropoulos lacks sufficient

23 information to form a belief as to the truth of the allegations of this paragraph insofar

24 as they pertain to others, and therefore denies the same.

25      38.       Responding to paragraph 38, Demitropoulos denies all of the allegations

26 of this paragraph insofar as they pertain to him.  Demitropoulos lacks sufficient

27 information to form a belief as to the truth of the allegations of this paragraph insofar

28 as they pertain to others, and therefore denies the same.

39.     Responding to paragraph 39, Demitropoulos denies all of the allegations of this paragraph insofar as they pertain to him.  Demitropoulos lacks sufficient information to form a belief as to the truth of the allegations of this paragraph insofar as they pertain to others, and therefore denies the same.

40.     Responding to paragraph 40, Demitropoulos denies all of the allegations of this paragraph insofar as they pertain to him.  Demitropoulos lacks sufficient information to form a belief as to the truth of the allegations of this paragraph insofar as they pertain to others, and therefore denies the same.

41.     Responding to paragraph 41, Demitropoulos admits that he briefly assisted in controlling Abbey's legs by crossing them and holding them in place, but denies all of the remaining allegations insofar as they pertain to him.  Demitropoulos lacks sufficient information to form a belief as to the allegations of this paragraph insofar as they pertain to others, and therefore denies the same.

42.     Responding to paragraph 42, Demitropoulos admits he briefly assisted in controlling Abbey's legs by crossing them and holding them in place until Defendant Rasmussen arrived to apply RIPP restraints.  Demitropoulos believes the allegation that Defendant Rasmussen arrived at approximately 8:24 pm to be true based upon subsequent investigative reports, and therefore admits the same. Demitropoulos denies all of the remaining allegations of this paragraph insofar as they pertain to him. Demitropoulos lacks sufficient information to form a belief as to the truth of the remaining allegations of this paragraph insofar as they pertain to others, and therefore denies the same.

43.     Responding to paragraph 43, Demitropoulos denies all of the allegations of this paragraph insofar as they pertain to him.  Demitropoulos admits that other officers removed the RIPP restraints and handcuffs and commenced cardio pulmonary resuscitation until medical units arrived and took over.  Demitropoulos lacks sufficient information to form a belief as to the truth of the remaining allegations of this paragraph insofar as they pertain to others, and therefore denies the same.

44.     Responding to paragraph 44, Demitropoulos believes the allegations of this paragraph to be true, based upon information received from subsequent investigative reports, and therefore admits the same.

45.     Responding to paragraph 45, Demitropoulos denies the allegations of this paragraph because they inaccurately set forth the full and complete findings.

46.     Responding to paragraph 46, Demitropoulos denies all of the allegations of this paragraph insofar as they pertain to him.  Demitropoulos lacks sufficient information to form a belief as to the truth of the allegations of this paragraph insofar as they pertain to others, and therefore denies the same.

47.     Responding to paragraph 47, Demitropoulos admits that he was acting under color of law at all times relevant hereto.

48.     Responding to paragraph 48, Demitropoulos denies all of the allegations of this paragraph insofar as they pertain to him.  Demitropoulos lacks sufficient information to form a belief as to the truth of the allegations of this paragraph insofar as they pertain to others, and therefore denies the same.

49.     Responding to paragraph 49, Demitropoulos denies all of the allegations of this paragraph insofar as they pertain to him.  Demitropoulos lacks sufficient information to form a belief as to the truth of the allegations of this paragraph insofar as they pertain to others, and therefore denies the same.

50.     Responding to paragraph 50, Demitropoulos denies all of the allegations of this paragraph insofar as they pertain to him.  Demitropoulos lacks sufficient information to form a belief as to the truth of the allegations of this paragraph insofar as they pertain to others, and therefore denies the same.

51.     Responding to paragraph 51, Demitropoulos denies all of the allegations of this paragraph insofar as they pertain to him.  Demitropoulos lacks sufficient information to form a belief as to the truth of the allegations of this paragraph insofar as they pertain to others, and therefore denies the same.

52.     Responding to paragraph 52, Demitropoulos denies all of the allegations of this paragraph insofar as they pertain to him.  Demitropoulos lacks sufficient information to form a belief as to the truth of the allegations of this paragraph insofar as they pertain to others, and therefore denies the same.

## COUNT I

### 42 U.S.C. § 1983

### (PLEICH, BOND, RASMUSSEN, DEMITROPOULOS AND DOES I-X)

53.     Responding to paragraph 53, Demitropoulos adopts by reference and incorporates herein all of his responses to paragraphs 1 through 52, inclusive, as if set forth in full at this point.

54.     Responding to paragraph 54, Demitropoulos denies all of the allegations of this paragraph insofar as they pertain to him.  Demitropoulos lacks sufficient information to form a belief as to the truth of the allegations of this paragraph insofar as they pertain to others, and therefore denies the same.

55.     Responding to paragraph 55, Demitropoulos denies all of the allegations of this paragraph insofar as they pertain to him.  Demitropoulos lacks sufficient information to form a belief as to the truth of the allegations of this paragraph insofar as they pertain to others, and therefore denies the same.

56.     Responding to paragraph 56, Demitropoulos denies all of the allegations of this paragraph insofar as they pertain to him.  Demitropoulos lacks sufficient information to form a belief as to the truth of the allegations of this paragraph insofar as they pertain to others, and therefore denies the same.

57.     Responding to paragraph 57, Demitropoulos denies all of the allegations of this paragraph insofar as they pertain to him.  Demitropoulos lacks sufficient information to form a belief as to the truth of the allegations of this paragraph insofar as they pertain to others, and therefore denies the same.

58.     Responding to paragraph 58, Demitropoulos denies all of the allegations of this paragraph insofar as they pertain to him.  Demitropoulos lacks sufficient

1    information to form a belief as to the truth of the allegations of this paragraph insofar

2    as they pertain to others, and therefore denies the same.

3         59.     Responding to paragraph 59, Demitropoulos denies all of the allegations

4    of this paragraph insofar as they pertain to him.  Demitropoulos lacks sufficient

5    information to form a belief as to the truth of the allegations of this paragraph insofar

6    as they pertain to others, and therefore denies the same.

7    <u>**COUNT II**</u>

8    **42 U.S.C. § 1983**

9    **(CITY, RPD AND DOES I-X)**

10        60.     Responding to paragraph 60, Demitropoulos adopts by reference and

11   incorporates herein all of his responses to paragraphs 1 through 59 inclusive, as if set

12   forth in full at this point.

13        61.     Responding to paragraph 61, Demitropoulos denies all of the allegations

14   of this paragraph insofar as they pertain to him.  Demitropoulos lacks sufficient

15   information to form a belief as to the truth of the allegations of this paragraph insofar

16   as they pertain to others, and therefore denies the same.

17        62.     Responding to paragraph 62, the allegations of this paragraph do not

18   apply to this answering Defendant, such that no response is necessary.  Should the

19   allegations of this paragraph be interpreted to apply to Demitropoulos, they are

20   expressly denied.

21        63.     Responding to paragraph 63, the allegations of this paragraph do not

22   apply to this answering Defendant, such that no response is necessary.  Should the

23   allegations of this paragraph be interpreted to apply to Demitropoulos, they are

24   expressly denied.

25        64.     Responding to paragraph 64, Demitropoulos denies all of the allegations

26   of this paragraph insofar as they pertain to him.  Demitropoulos lacks sufficient

27   information to form a belief as to the truth of the allegations of this paragraph insofar

28   as they pertain to others, and therefore denies the same.

65.      Responding to paragraph 65, Demitropoulos denies all of the allegations of this paragraph insofar as they pertain to him.  Demitropoulos lacks sufficient information to form a belief as to the truth of the allegations of this paragraph insofar as they pertain to others, and therefore denies the same.

66.      Responding to paragraph 66, the allegations of this paragraph do not apply to this answering Defendant, such that no response is necessary.  Should the allegations of this paragraph be interpreted to apply to Demitropoulos, they are expressly denied.

67.      Responding to paragraph 67, Demitropoulos denies all of the allegations of this paragraph insofar as they pertain to him.  Demitropoulos lacks sufficient information to form a belief as to the truth of the allegations of this paragraph insofar as they pertain to others, and therefore denies the same.

68.      Responding to paragraph 68, the allegations of this paragraph do not apply to this answering Defendant, such that no response is necessary.  Should the allegations of this paragraph be interpreted to apply to Demitropoulos, they are expressly denied.

69.      Responding to paragraph 69, the allegations of this paragraph do not apply to this answering Defendant, such that no response is necessary.  Should the allegations of this paragraph be interpreted to apply to Demitropoulos, they are expressly denied.

**COUNT III**

**NEGLIGENCE**

**(ALL DEFENDANTS)**

70.      Responding to paragraph 70, Demitropoulos adopts by reference and incorporates herein all of his responses to paragraphs 1 through 69 inclusive, as if set forth in full at this point.

71.      Responding to paragraph 71, Demitropoulos denies all of the allegations of this paragraph insofar as they pertain to him, but admits that he acted at all times

with due care. Demitropoulos lacks sufficient information to form a belief as to the truth of the allegations of this paragraph insofar as they pertain to others, and therefore denies the same.

72. Responding to paragraph 72, Demitropoulos denies all of the allegations of this paragraph insofar as they pertain to him. Demitropoulos lacks sufficient information to form a belief as to the truth of the allegations of this paragraph insofar as they pertain to others, and therefore denies the same.

73. Responding to paragraph 73, Demitropoulos denies all of the allegations of this paragraph insofar as they pertain to him. Demitropoulos lacks sufficient information to form a belief as to the truth of the allegations of this paragraph insofar as they pertain to others, and therefore denies the same.

74. Responding to paragraph 74, Demitropoulos denies all of the allegations of this paragraph insofar as they pertain to him. Demitropoulos lacks sufficient information to form a belief as to the truth of the allegations of this paragraph insofar as they pertain to others, and therefore denies the same.

75. Responding to paragraph 75, Demitropoulos denies all of the allegations of this paragraph insofar as they pertain to him. Demitropoulos lacks sufficient information to form a belief as to the truth of the allegations of this paragraph insofar as they pertain to others, and therefore denies the same.

76. Responding to paragraph 76, Demitropoulos denies all of the allegations of this paragraph insofar as they pertain to him. Demitropoulos lacks sufficient information to form a belief as to the truth of the allegations of this paragraph insofar as they pertain to others, and therefore denies the same.

/ / /

/ / /

/ / /

/ / /

/ / /

**COUNT IV**

**ASSAULT AND BATTERY**

**(ALL DEFENDANTS)**

77.     Responding to paragraph 77, Demitropoulos adopts by reference and incorporates herein all of his responses to paragraphs 1 through 76 inclusive, as if set forth in full at this point.

78.     Responding to paragraph 78, Demitropoulos denies all of the allegations of this paragraph insofar as they pertain to him.  Demitropoulos lacks sufficient information to form a belief as to the truth of the allegations of this paragraph insofar as they pertain to others, and therefore denies the same.

79.     Responding to paragraph 79, Demitropoulos denies all of the allegations of this paragraph insofar as they pertain to him.  Demitropoulos lacks sufficient information to form a belief as to the truth of the allegations of this paragraph insofar as they pertain to others, and therefore denies the same.

**COUNT V**

**WRONGFUL DEATH**

**(ALL DEFENDANTS)**

80.     Responding to paragraph 80, Demitropoulos adopts by reference and incorporates herein all of his responses to paragraphs 1 through 80 inclusive, as if set forth in full at this point.

81.     Responding to paragraph 81, Demitropoulos lacks sufficient information to form a belief as to the truth of the allegations of this paragraph, and therefore denies the same.

82.     Responding to paragraph 82, Demitropoulos denies that Plaintiffs have standing to bring an action on behalf of others not named as plaintiffs to this action.

83.     Responding to paragraph 83, Demitropoulos denies all of the allegations of this paragraph insofar as they pertain to him.  Demitropoulos lacks sufficient

information to form a belief as to the truth of the allegations of this paragraph insofar as they pertain to others, and therefore denies the same.

84.     Responding to paragraph 84, Demitropoulos denies all of the allegations of this paragraph insofar as they pertain to him.  Demitropoulos lacks sufficient information to form a belief as to the truth of the allegations of this paragraph insofar as they pertain to others, and therefore denies the same.

## AFFIRMATIVE DEFENSES

As and for his Affirmative Defenses, Defendant alleges and avers as follows:

### First Affirmative Defense

The Third Amended Complaint fails to state any claim upon which relief can be granted in favor of the Plaintiffs or against the Defendant.

### Second Affirmative Defense

At all times and places relevant hereto, Defendant acted in good faith, with justification and probable cause, and without malice toward the decedent or Plaintiffs.

### Third Affirmative Defense

Plaintiffs are estopped by decedent's own conduct from maintaining any of the claims for relief set forth in the Third Amended Complaint.

### Fourth Affirmative Defense

Plaintiffs' decedent has waived each of the claims for relief set forth in the Third Amended Complaint, which waiver is imputed to Plaintiffs.

### Fifth Affirmative Defense

Plaintiffs' suit is barred by the doctrine of unclean hands.

### Sixth Affirmative Defense

The claims for relief in the Third Amended Complaint allege acts or omissions of employees or agents of the University of Nevada, Reno that occurred in the execution of a statute, ordinance or other legal regulation, while exercising due care,

1   and are therefore barred by NRS 41.032.

2                               **Seventh Affirmative Defense**

3        NRS 41.035 limits the amount of recovery against an employee of a political

4   subdivision of the State of Nevada and to $100,000.00.

5                               **Eighth Affirmative Defense**

6        The claims for relief in the Third Amended Complaint allege performance or

7   non-performance of discretionary functions within the scope of Defendant's official

8   duties and are therefore barred by NRS 41.032.

9                               **Ninth Affirmative Defense**

10       Punitive or exemplary damages are barred by NRS 41.035.

11                               **Tenth Affirmative Defense**

12       Defendant is entitled to qualified good faith immunity.

13                               **Eleventh Affirmative Defense**

14       The actions of the Defendant were privileged.

15                               **Twelfth Affirmative Defense**

16        Without admitting that the decedent's civil rights were violated in any fashion,

17   Defendant is shielded from liability for civil damages, because Defendant's alleged

18   conduct, as set forth in the Third Amended Complaint, did not violate clearly established

19   statutory and/or constitutional rights of which a reasonable person would have known.

20                           **Thirteenth Affirmative Defense**

21        Defendant is informed and believes and thereupon avers that at all times and

22   places relevant hereto Plaintiffs' decedent was negligent, at fault and otherwise

23   responsible for the matters which are the subject of this litigation, with such

24   negligence, fault or responsibility proximately causing and contributing to any alleged

25   injuries and damages, and with such negligence being imputed to Plaintiffs.

26                         **Fourteenth Affirmative Defense**

27        1.  Defendant adopts by reference and incorporates herein the preceding

28   affirmative defense.

2.   At all times denying any negligence, fault or responsibility on Defendant's behalf, Defendant avers that the contributory negligence, fault or responsibility of Plaintiffs' decedent must be compared to that of this defendant, if any, in accordance with the laws of the State of Nevada, with such comparative negligence being imputed to Plaintiffs.

**Fifteenth Affirmative Defense**

On information and belief, at all times and places alleged in Plaintiff's complaint, the negligence, misconduct and fault of the plaintiffs' decedent exceeds that of this Defendant, if any, and with imputation of such negligence, misconduct and fault to Plaintiffs, Plaintiffs are thereby barred from recovery against Defendant.

**Sixteenth Affirmative Defense**

1.   Defendant adopts by reference and incorporates herein the preceding two affirmative defenses.

2.   At all times denying any negligence, fault or responsibility on Defendant's behalf, Defendant avers that if Defendant is found to be negligent, at fault or otherwise responsible for Plaintiff's injuries or damages, if any there were but without admitting the same, the principles of law and equity relative to comparative negligence and fault require that the proportionate or relative degrees of negligence, fault or responsibility of all parties involved in the incident be ascertained so that Defendant be liable to Plaintiffs, if at all, for no more than an amount equal to Defendant's proportionate or relative degree of negligence, fault or responsibility, if any there is.

**Seventeenth Affirmative Defense**

Defendant is informed and believes and thereupon avers that Plaintiffs' decedent consented to the matters referred to in the complaint.

**Eighteenth Affirmative Defense**

At all times and places relevant hereto Defendant and its agents or employees acted in good faith, with justification and with probable cause and without malice toward Plaintiffs' decedent.  All acts and conduct of this defendant and its agents and

employees were within the jurisdiction of their official authority and were done by virtue of and under the laws of the State of Nevada.

**Nineteenth Affirmative Defense**

Without admitting that punitive damages are appropriate in this case, Defendant avers that fairness and justice require that Plaintiffs prove a claim for punitive damages by clear and convincing evidence.

**Twentieth Affirmative Defense**

Without admitting the Plaintiffs are entitled to punitive damages, punitive damages constitute excessive fines prohibited by the United States and Nevada Constitutions.  Further, NRS 42.010 does not provide adequate standards and/or safeguards for its application and is therefore void for vagueness under the due process clause of the Fourteenth Amendment to the United States Constitution and in accordance with Article 1, §8 of the Nevada Constitution.

**Twenty-First Affirmative Defense**

The State of Nevada has reserved its immunity from suit under the Eleventh Amendment to the United States Constitution, with such immunity extending to political subdivisions of the State.  Therefore, the University and its employees who are sued in their official capacities are immune from suit for any claims asserted under 42 U.S.C. § 1983.

Pursuant to the provisions of Rule 11 of the Federal Rules of Civil Procedure, at the time of the filing of Defendant's answer, all possible affirmative defenses may not have been alleged inasmuch as insufficient facts and other relevant information may not have been available after reasonable inquiry, and therefore, Defendant reserves the right to amend this answer to allege additional affirmative defenses if subsequent investigation warrants the same.

WHEREFORE, this answering Defendant requests the following:

1.      That judgment be entered in favor of Defendant on each of the causes of action and claims set forth in the Third Amended Complaint;

2.      That Plaintiffs take nothing by reason of the Third Amended Complaint;

1       3.     That Defendant be awarded his reasonable attorney's fees incurred in

2  defending this matter;

3       4.     That Defendant be awarded his reasonable costs incurred in defending this

4  matter;

5       5.     For such other and further relief as the Court deems appropriate.

6       Respectfully submitted, this 30th day of October, 2013.

7

8                        /S/ Gary A. Cardinal

                          GARY A. CARDINAL

9                        Assistant General Counsel

                          NV Bar No. 76

10                      University of Nevada, Reno

                        1664 North Virginia Street/MS 0550

11                      Reno, Nevada  89557-0550

                        (775) 784-3495

12                      *Attorney for Defendant*

13                      *BRAD DEMITROPOULOS*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **CERTIFICATE OF SERVICE**

I hereby certify that I am an employee of the University of Nevada, Reno, over the age of eighteen years, that I am not a party to the within action, and that on the 30th day of October, 2013, I electronically filed the foregoing **DEFENDANT DEMITROPOULOS' AMENDED ANSWER TO THIRD AMENDED COMPLAINT**, with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the listed parties below and served the following parties by U.S. mail, postage prepaid, addressed to:

>Richard A. Salvatore, Esq.
>Hardy Law Group
>96 & 98 Winter Street
>Reno, NV  89503
>
>Cal J. Potter, III, Esq.
>Potter Law Offices
>1125 Shadow Lane
>Las Vegas, NV  89102
>
>Jack Campbell, Esq.
>Reno City Attorney's Office
>1 East First Street
>PO Box 1900
>Reno, NV  89505-1900

>_/s/  Michelle A. Ene_
>Employee of the University of Nevada, Reno