1  JOHN J. KADLIC
   Reno City Attorney
2  JACK D. CAMPBELL
   Deputy City Attorney
3  Nevada State Bar #4938
   Post Office Box 1900
4  Reno, NV 89505
   (775) 334-2050
5  *Attorneys for City of Reno, Reno Police
6  Department, Keith Pleich, Daniel Bond,
   And Scott Rasmussen*
7

8                      UNITED STATES DISTRICT COURT
                             DISTRICT OF NEVADA
9

10  DENISE ABBEY, individually, and as special        Case No.: 3:13-cv-00347-VPC-LRH
    administrator of the ESTATE OF MICAH ABBEY,
11

12           Plaintiffs,
         vs.
13

14  CITY OF RENO; RENO POLICE
    DEPARTMENT; KEITH PLEICH individually
15  and in his official capacity as a Police Officer for
    CITY OF RENO and RENO POLICE
16  DEPARTMENT; DANIEL BOND individually
17  and in his official capacity as a Police Officer for
    CITY OF RENO and RENO POLICE
18  DEPARTMENT; SCOTT RASMUSSEN
    individually and in his official capacity as a
19  Police Officer for CITY OF RENO and RENO
20  POLICE DEPARTMENT; BRAD
    DEMITROPOULIS;
21  And DOES through X, inclusive.

22           Defendants.
                                                       /
23

24  **DEFENDANTS CITY OF RENO, RENO POLICE DEPARTMENT, KEITH PLEICH,
                DANIEL BOND, AND SCOTT RASMUSSEN'S**
25           **ANSWER TO THE THIRD AMENDED COMPLAINT**

26

27       COMES NOW, Defendants CITY OF RENO, RENO POLICE DEPARTMENT, KEITH

28  PLEICH, DANIEL BOND, AND SCOTT RASMUSSEN'S, (hereinafter CITY OF RENO), by

and through their attorneys, JOHN J. KADLIC, Reno City Attorney and JACK D. CAMPBELL, Deputy Reno City Attorney, hereby answers Plaintiff's Third Amended Complaint by admitting, denying and averring as follows.

### (Introduction)

1. CITY OF RENO denies the allegations in Paragraph No. 1.

### (Jurisdiction and Venue)

2. CITY OF RENO admits to this Court's jurisdiction for the instant action but denies the remaining allegations in Paragraph No. 2.

3. CITY OF RENO admits the venue is properly vested with this Court pursuant to Paragraph No. 3.

### (Parties)

4. CITY OF RENO is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph No.4.

5. CITY OF RENO is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph No. 5.

6. CITY OF RENO admits that it is a municipality organized as such pursuant to the laws of the State of Nevada, but denies the remaining allegations in Paragraph No. 6.

7. CITY OF RENO admits to the allegations in Paragraph No. 7

8. CITY OF RENO is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph No. 8.

9. CITY OF RENO admits that KEITH PLEICH is an Officer with the Reno Police Department. CITY OF RENO is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph No. 9.

10. CITY OF RENO admits that DANIEL BOND is an Officer with the Reno Police Department. CITY OF RENO is without knowledge or information sufficient to

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

form a belief as to the truth or falsity of the remaining allegations in Paragraph No. 10.

11. CITY OF RENO admits that SCOTT RASMUSSEN is an Officer with the Reno Police Department. CITY OF RENO is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph No. 11.

12. CITY OF RENO is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph No. 12.

13. CITY OF RENO is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph No. 13. Furthermore, CITY OF RENO reserves the right to amend this Answer should Plaintiff name any additional party as identified in this paragraph.

14. CITY OF RENO denies the allegations in Paragraph No. 14.

15. CITY OF RENO admits to the allegations in Paragraph No. 15.

16. CITY OF RENO has no objection to the Complaint being pled in the alternative pursuant to Fed.R.Civ.P. 8(d)(2).

**(Factual Background)**

17. CITY OF RENO reaffirms and incorporates its answers to Paragraphs 1 through 16, above, as if set forth herein verbatim.

18. CITY OF RENO is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph No. 18.

19. CITY OF RENO is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations made regarding Micah Abbey's mental, physical, and emotional conditions, but denies the remaining allegations that the CITY OF RENO knew or should have known about said conditions.

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

20. CITY OF RENO is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph No. 20.

21. CITY OF RENO is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph No. 21.

22. CITY OF RENO is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph No. 22.

23. CITY OF RENO is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph No. 23.

24. CITY OF RENO is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph No. 24.

25. CITY OF RENO is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph No. 25.

26. CITY OF RENO is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph No. 26.

27. CITY OF RENO is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph No. 27.

28. CITY OF RENO is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph No. 28.

29. CITY OF RENO is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph No. 29.

30. CITY OF RENO denies allegations in Paragraph No. 30.

31. CITY OF RENO is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph No. 31.

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

32. CITY OF RENO is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph No. 32.

33. CITY OF RENO is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph No. 33.

34. CITY OF RENO is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph No. 34

35. CITY OF RENO denies the allegations in Paragraph No. 35.

36. CITY OF RENO denies the allegations in Paragraph No. 36.

37. CITY OF RENO denies the allegations in Paragraph No. 37.

38. CITY OF RENO denies the allegations in Paragraph No. 38.

39. CITY OF RENO denies the allegations in Paragraph No. 39.

40. CITY OF RENO denies the allegations in Paragraph No. 40.

41. CITY OF RENO denies the allegations in Paragraph No. 41.

42. CITY OF RENO denies the allegations in Paragraph No. 42.

43. CITY OF RENO admits that Defendants removed the RIPP restraints and handcuffs, and started cardio pulmonary resuscitation as alleged in Paragraph No. 43. CITY OF RENO denies the allegations about the Reno Fire Department's and Remsa's success.

44. CITY OF RENO is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph No.44.

45. CITY OF RENO is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph No. 45.

46. CITY OF RENO denies the allegations in Paragraph No. 46.

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

47. CITY OF RENO admits to the allegations in Paragraph No. 47.

48. CITY OF RENO denies the allegations in Paragraph No. 48.

49. CITY OF RENO denies the allegations in Paragraph No. 49.

50. CITY OF RENO denies the allegations in Paragraph No. 50.

51. CITY OF RENO denies the allegations in Paragraph No. 51.

52. CITY OF RENO denies the allegations in Paragraph No. 52.

## COUNT I

(Violation of 42 U.S.C.A § 1983)

53. CITY OF RENO reaffirms and incorporates its answers to Paragraphs 1 through 52, above, as if set forth herein verbatim.

54. CITY OF RENO denies the allegations in Paragraph No. 54.

55. CITY OF RENO denies the allegations in Paragraph No. 55, including subsections a-e.

56. CITY OF RENO denies the allegations in Paragraph No. 56.

57. CITY OF RENO denies the allegations in Paragraph No. 57.

58. CITY OF RENO denies the allegations in Paragraph No. 58.

59. CITY OF RENO denies the allegations in Paragraph No. 59.

## COUNT II

(Violation of 42 U.S.C.A § 1983)

(MONELL CLAIM)

60. CITY OF RENO reaffirms and incorporates its answers to Paragraphs 1 through 59, above, as if set forth herein verbatim.

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

61. CITY OF RENO denies the allegations in Paragraph No. 61, including subsections a-h.
62. CITY OF RENO denies the allegations in Paragraph No. 62.
63. CITY OF RENO denies the allegations in Paragraph No. 63.
64. CITY OF RENO denies the allegations in Paragraph No. 64.
65. CITY OF RENO denies the allegations in Paragraph No. 65.
66. CITY OF RENO denies the allegations in Paragraph No. 66.
67. CITY OF RENO denies the allegations in Paragraph No. 67
68. CITY OF RENO denies the allegations in Paragraph No. 68; including subsections a-j.
69. CITY OF RENO denies the allegations in Paragraph No. 69.

## COUNT III

### (NEGLIGENCE)

70. CITY OF RENO reaffirms and incorporates its answers to Paragraphs 1 through 69, above, as if set forth herein verbatim.
71. CITY OF RENO is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph No. 71.
72. CITY OF RENO is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph No. 72.
73. CITY OF RENO is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph No. 73.
74. CITY OF RENO is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph No. 74.

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

75. CITY OF RENO denies the allegations in Paragraph No. 75

76. CITY OF RENO denies the allegations in Paragraph No. 76.

## COUNT IV

### (ASSAULT AND BATTERY)

77. CITY OF RENO reaffirms and incorporates its answers to Paragraphs 1 through 77, above, as if set forth here in verbatim.

78. CITY OF RENO denies the allegations in Paragraph No. 78.

79. CITY OF RENO denies the allegations in Paragraph No. 79.

## COUNT V

### (WRONGFUL DEATH)

80. CITY OF RENO reaffirms and incorporates its answers to Paragraphs 1 through 79, above, as if set forth here in verbatim.

81. CITY OF RENO is without knowledge or information sufficient to form a belief as to the truth or falsity of the factual allegations in Paragraph No. 81.

82. CITY OF RENO is without knowledge or information sufficient to form a belief as to the truth or falsity of the factual allegations in Paragraph No. 82.

83. CITY OF RENO is without knowledge or information sufficient to form a belief as to the truth or falsity of the factual allegations in Paragraph No. 83.

84. CITY OF RENO denies the allegations in Paragraph No. 84.

//
//
//
//

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

# AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Micah Abbey knowingly, voluntarily, and unreasonably assumed the risk of the conduct, events, and matters alleged in the Complaint such that any damages or injuries sustained by Plaintiffs were the direct, proximate, and legal result of the risks so assumed.

## SECOND AFFIRMATIVE DEFENSE

The Plaintiffs' injuries and damages alleged in the Complaint were caused by independent, intervening causes and not by any negligence, act, omission, or other conduct, intentional or otherwise, on the part of the CITY OF RENO.

## THIRD AFFIRMATIVE DEFENSE

During the time of the incident alleged in the Complaint, Plaintiffs have failed to conduct themselves as a reasonable person would if confronted with the same facts and circumstances. Therefore, Plaintiffs have failed to mitigate their damages.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' damages were caused by the conduct of independent third parties which the CITY OF RENO could not directly influence or control. Therefore, CITY OF RENO is not responsible or liable for such independent third party actions. Furthermore, CITY OF RENO reserves the right to amend this pleading should the identity of these third parties become known.

## FIFTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against the CITY OF RENO upon which relief may be granted.

//

//

**SIXTH AFFIRMATIVE DEFENSE**

Micah Abbey failed to conduct himself as a reasonable person would facing the same facts and circumstances. Abbey was negligent in and about the matters alleged in the complaint, and such negligence directly, proximately and legally contributed to the injuries and damages such that Abbey's comparative negligence is greater than the negligence of the CITY OF RENO, and the combined negligence of all named defendants thereby barring recovery by the Plaintiff pursuant to NRS 41.141.

**SEVENTH AFFIRMATIVE DEFENSE**

CITY OF RENO is immune from liability in this matter pursuant to NRS 41.032.

**EIGHTH AFFIRMATIVE DEFENSE**

The award of punitive damages is not recoverable against the City of Reno and the named individuals in their official capacity.

**NINTH AFFIRMATIVE DEFENSE**

The Reno Officers are entitled to qualified immunity.

**TENTH AFFIRMATIVE DEFENSE**

Defendants are granted qualified, discretionary, and good faith immunity to the claims made herein.

**ELEVENTH AFFIRMATIVE DEFENSE**

CITY OF RENO cannot be held liable for the acts alleged herein pursuant to NRS 41.0336.

**TWELTH AFFIRMATIVE DEFENSE**

After reasonable investigation and inquiry, the CITY OF RENO believes the affirmative defenses presented herein are applicable, subject to the obligations set forth in the FRCP 11.
Reno City Attorney
P.O. Box 1900
Reno, NV 89505

CITY OF RENO reserves the right to amend this pleading to include any additional or further affirmative defenses as their basis becomes known and relevant.

WHEREFORE, DEFENDANT CITY OF RENO prays for judgment as follows:

1. That Plaintiff takes nothing by reason of her Complaint, and that the same be dismissed with prejudice.

2. For an award of all costs and fees incurred in presenting a defense herein.

3. For an award of all attorney's fees incurred in presenting a defense herein.

4. For any additional or further relief this Court may deem just and proper.

DATED this __31$^{rst}$__ day of October, 2013.

JOHN J. KADLIC
Reno City Attorney


By: /s/ Jack D. Campbell
JACK D. CAMPBELL
Deputy City Attorney
Nevada State #4938
Post Office Box 1900
Reno, Nevada  89505
(775) 334-2050
*Attorneys for City of Reno,
Reno Police Department,
Keith Pleich, Daniel Bond,
and Scott Rasmussen*

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

## CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I certify that I am an employee of the RENO CITY ATTORNEY'S OFFICE, and that on this date, I am serving the foregoing document(s) on the party(s) set forth below by:

_____ Placing an original or true copy thereof in a sealed envelope placed for collection and mailing in the United States Mail, at Reno, Nevada, postage prepaid, following ordinary business practices.

_____ Personal delivery.

__X__ CM/ECF electronic service

_____ Facsimile (FAX).

_____ Federal Express or other overnight delivery.

_____ Reno/Carson Messenger Service.

addressed as follows:

Richard Salvatore, Esq.  
HARDY LAW GROUP  
96 & 98 Winter Street  
Reno, NV 89503  
Fax – (775) 322-2303  
*Attorney for Plaintiff*

Cal J. Potter, III  
Potter Law Offices  
1125 Shadow Lane  
Las Vegas, NV 89102-2314  
Fax – (702) 385-9081  
*Attorney for Plaintiff*

Gary Cardinal, Esq.  
Assistant General Counsel  
University of Nevada, Reno  
1664 North Virginia Street/ MS 0550  
Reno, NV 89557  
*Attorney for Brad Demitropoulos*

DATED this __31$^{rst}$__ day of October, 2013.

/s/ Katie Wellman  
Katie Wellman  
Legal Assistant

Reno City Attorney  
P.O. Box 1900  
Reno, NV 89505