GARY A. CARDINAL
Assistant General Counsel
Nevada Bar No. 76
University of Nevada, Reno
1664 North Virginia Street/MS 0550
Reno, Nevada  89557-0550
(775) 784-3495
(775) 327-2202--FAX
*Attorney for Defendant NSHE*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

★★★★★

| | |
|---|---|
| DENISE ABBEY, individually, and as special administrator of the ESTATE OF MICAH ABBEY,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF RENO; RENO POLICE DEPARTMENT; KEITH PLEICH individually and in his official capacity as a Police Officer for CITY OF RENO AND RENO POLICE DEPARTMENT; DANIEL BOND individually and in his official Capacity as a Police Officer for CITY OF RENO and RENO POLICE DEPARTMENT; SCOTT RASMUSSEN Individually and in his official Capacity as a Police Officer for CITY OF RENO and RENO POLICE DEPARTMENT; BRAD DEMITROPOULOS; THE BOARD OF REGENTS FOR THE NEVADA SYSTEM OF HIGHER EDUCATION ON BEHALF OF THE UNIVERSITY OF NEVADA, RENO; and DOES I through X, inclusive,<br><br>Defendants.             / | Case No.: 3:13-cv-00347-LRH-VPC<br><br>**DEFENDANT BOARD OF REGENTS FOR THE NEVADA SYSTEM OF HIGHER EDUCATION OBO THE UNIVERSITY OF NEVADA, RENO'S ANSWER TO THIRD AMENDED COMPLAINT and DEMAND FOR JURY TRIAL** |

Defendant BOARD OF REGENTS FOR THE NEVADA SYSTEM OF HIGHER EDUCATION ON BEHALF OF THE UNIVERSITY OF NEVADA, RENO (hereinafter, "University") answers Plaintiffs' Third Amended Complaint as follows:

-1-

# INTRODUCTION

1. Responding to paragraph 1, the University denies that there was a wrongful death or that it occurred at the hands of a University employee. The University lacks sufficient information to form a belief as to the truth of the remaining allegations of this paragraph, and therefore denies the same.

# JURISDICTION AND VENUE

2. Responding to paragraph 2, the University denies the existence of any valid claims for civil rights violations or wrongful death under the statues referenced in this paragraph, under other statues, or under the common law.

3. Responding to paragraph 3, the University admits that Defendant Brad Demitropoulos (hereinafter, "Demitropoulos") is a resident of the District of Nevada, but lacks sufficient information to form a belief as to the truth of the remaining allegations of this paragraph, and therefore denies the same.

# PARTIES

4. Responding to paragraph 4, the University lacks sufficient information to form a belief as to the truth of the allegations of this paragraph, and therefore denies the same.

5. Responding to paragraph 5, the University lacks sufficient information to form a belief as to the truth of the allegations of this paragraph, and therefore denies the same.

6. Responding to paragraph 6, the allegations of this paragraph do not apply to this answering Defendant, such that no response is necessary. Should the allegations of this paragraph be interpreted to apply to Demitropoulos or the University, they are expressly denied.

7. Responding to paragraph 7, the allegations of this paragraph do not apply to this answering Defendant, such that no response is necessary. Should the allegations of this paragraph be interpreted to apply to Demitropoulos or the University, they are expressly denied.

8. The University admits the allegations of paragraph 8.

9. Responding to paragraph 9, the allegations of this paragraph do not apply to this answering Defendant, such that no response is necessary. Should the allegations of this paragraph be interpreted to apply to Demitropoulos or the University, they are expressly denied.

10. Responding to paragraph 10, the allegations of this paragraph do not apply to this answering Defendant, such that no response is necessary. Should the allegations of this paragraph be interpreted to apply to Demitropoulos or the University, they are expressly denied.

11. Responding to paragraph 11, the allegations of this paragraph do not apply to this answering Defendant, such that no response is necessary. Should the allegations of this paragraph be interpreted to apply to Demitropoulos or the University, they are expressly denied.

12. Responding to paragraph 12, the University admits that Demitropoulos was an officer with the University of Nevada Police Services and that he resided in Washoe County, Nevada at all times alleged in the Third Amended Complaint.

13. Responding to paragraph 13, the University lacks sufficient information to form a belief as to the truth of the allegations in this paragraph, and therefore denies the same.

14. Responding to paragraph 14, the University admits that at all relevant times, Demitropoulos was an employee of the University and denies all of the remaining allegations in this paragraph.

15. Responding to paragraph 15, the University admits that at all material times, Demitropoulos was acting under color of law.

16. Responding to paragraph 16, the University states that Fed.R.Civ.P. 8(d)(2) speaks for itself.

///
///

# FACTUAL BACKGROUND

17. Responding to paragraph 17, the University adopts by reference and incorporates herein all of its responses to paragraphs 1 through 16, inclusive, as if set forth in full at this point.

18. Responding to paragraph 18, the University believes the allegations of this paragraph to be true, based upon information received from subsequent investigative reports, and therefore admits the same.

19. Responding to paragraph 19, the University denies that at the time of the occurrences alleged in the complaint Demitropoulos knew or should have known of Micah Abbey's alleged mental, physical and emotional conditions. The University lacks sufficient information to form a belief as to the truth of the remaining allegations of this paragraph, and therefore denies the same.

20. Responding to paragraph 20, the University believes the allegations of this paragraph to be true, based upon information received from subsequent investigative reports, and therefore admits the same.

21. Responding to paragraph 21, the University believes the allegations of this paragraph to be true, based upon information received from subsequent investigative reports, and therefore admits the same.

22. Responding to paragraph 22, the University believes the allegations of this paragraph to be true, based upon information received from subsequent investigative reports, and therefore admits the same.

23. Responding to paragraph 23, the University believes the allegation that Defendant Pleich arrived at the residence at approximately 7:56 pm to be true, based upon information received from subsequent investigative reports, and therefore admits the same. The University lacks sufficient information to form a belief as to the truth of the remaining allegations of this paragraph, and therefore denies the same.

/ / /

/ / /

24. Responding to paragraph 24, the University lacks sufficient information to form a belief as to the truth of the allegations of this paragraph, and therefore denies the same.

25. Responding to paragraph 25, the University lacks sufficient information to form a belief as to the truth of the allegations of this paragraph, and therefore denies the same.

26. Responding to paragraph 26, the University lacks sufficient information to form a belief as to the truth of the allegations of this paragraph, and therefore denies the same.

27. Responding to paragraph 27, the University lacks sufficient information to form a belief as to the truth of the allegations of this paragraph, and therefore denies the same.

28. Responding to paragraph 28, the University believes the allegation that Defendant Bond arrived at the residence at approximately 8:06 pm to be true, based upon information received from subsequent investigative reports, and therefore admits the same. The University lacks sufficient information to form a belief as to the truth of the remaining allegations of this paragraph, and therefore denies the same.

29. Responding to paragraph 29, the University denies the allegations of this paragraph.

30. Responding to paragraph 30, the University lacks sufficient information to form a belief as to the truth of the allegations of this paragraph, and therefore denies the same.

31. Responding to paragraph 31, the University believes the allegation that Abbey refused to go and resisted to be true based on subsequent investigative reports, and therefore admits the same. The University lacks sufficient information to form a belief as to the truth of the remaining allegations of this paragraph, and therefore denies the same.

///

1  32. Responding to paragraph 32, the University believes the allegation that
2  Abbey attempted to escape through a window of his bedroom to be true based on
3  subsequent investigative reports, and therefore admits the same. The University lacks
4  sufficient information to form a belief as to the truth of the remaining allegations of this
5  paragraph, and therefore denies the same.
6  33. Responding to paragraph 33, the University believes the allegation that
7  Abbey attempted to escape through a window of his bedroom to be true based on
8  subsequent investigative reports, and therefore admits the same. The University lacks
9  sufficient information to form a belief as to the truth of the remaining allegations of this
10  paragraph, and therefore denies the same.
11  34. Responding to paragraph 34, the University denies the allegations of this
12  paragraph insofar as they pertain to Demitropoulos and the University, but admits that
13  Demitropoulos used only reasonable, lawful, and justified levels of force as required by
14  Abbey's actions. The University lacks sufficient information to form a belief as to the
15  truth of the allegations of this paragraph insofar as they pertain to others, and
16  therefore denies the same.
17  35. Responding to paragraph 35, the University denies all of the allegations
18  of this paragraph insofar as they pertain to Demitropoulos or the University. The
19  University lacks sufficient information to form a belief as to the truth of the allegations
20  of this paragraph insofar as they pertain to others, and therefore denies the same.
21  36. Responding to paragraph 36, the University denies all of the allegations
22  of this paragraph insofar as they pertain to Demitropoulos or the University. The
23  University lacks sufficient information to form a belief as to the truth of the allegations
24  of this paragraph insofar as they pertain to others, and therefore denies the same.
25  37. Responding to paragraph 37, the University denies all of the allegations
26  of this paragraph insofar as they pertain to Demitropoulos or the University. The
27  University lacks sufficient information to form a belief as to the truth of the allegations
28  of this paragraph insofar as they pertain to others, and therefore denies the same.

38.     Responding to paragraph 38, the University denies all of the allegations of this paragraph insofar as they pertain to Demitropoulos or the University.  The University lacks sufficient information to form a belief as to the truth of the allegations of this paragraph insofar as they pertain to others, and therefore denies the same.

39.     Responding to paragraph 39, the University denies all of the allegations of this paragraph insofar as they pertain to Demitropoulos or the University.  The University lacks sufficient information to form a belief as to the truth of the allegations of this paragraph insofar as they pertain to others, and therefore denies the same.

40.     Responding to paragraph 40, the University denies all of the allegations of this paragraph insofar as they pertain to Demitropoulos or the University.  The University lacks sufficient information to form a belief as to the truth of the allegations of this paragraph insofar as they pertain to others, and therefore denies the same.

41.     Responding to paragraph 41, the University admits that Demitropoulos briefly assisted in controlling Abbey's legs by crossing them and holding them in place, but denies all of the remaining allegations insofar as they pertain to Demitropoulos or the University.  The University lacks sufficient information to form a belief as to the allegations of this paragraph insofar as they pertain to others, and therefore denies the same.

42.     Responding to paragraph 42, the University admits Demitropoulos briefly assisted in controlling Abbey's legs by crossing them and holding them in place until Defendant Rasmussen arrived to apply RIPP restraints.  The University believes the allegation that Defendant Rasmussen arrived at approximately 8:24 pm to be true based upon subsequent investigative reports, and therefore admits the same. The University denies all of the remaining allegations of this paragraph insofar as they pertain to Demitropoulos or the University.  The University lacks sufficient information to form a belief as to the truth of the remaining allegations of this paragraph insofar as they pertain to others, and therefore denies the same.

/ / /

1    43.	Responding to paragraph 43, the University denies all of the allegations
2  of this paragraph insofar as they pertain to Demitropoulos or the University.  The
3  University admits that other officers removed the RIPP restraints and handcuffs and
4  commenced cardio pulmonary resuscitation until medical units arrived and took over.
5  The University lacks sufficient information to form a belief as to the truth of the
6  remaining allegations of this paragraph insofar as they pertain to others, and therefore
7  denies the same.

8    44.	Responding to paragraph 44, the University believes the allegations of
9  this paragraph to be true, based upon information received from subsequent
10 investigative reports, and therefore admits the same.

11   45.	Responding to paragraph 45, the University denies the allegations of this
12 paragraph because they inaccurately set forth the full and complete findings and
13 further denies that police restraint procedures contributed to the death.

14   46.	Responding to paragraph 46, the University denies all of the allegations
15 of this paragraph insofar as they pertain to Demitropoulos or the University.  The
16 University lacks sufficient information to form a belief as to the truth of the allegations
17 of this paragraph insofar as they pertain to others, and therefore denies the same.

18   47.	Responding to paragraph 47, the University admits that Demitropoulos
19 was acting under color of law at all times relevant hereto.

20   48.	Responding to paragraph 48, the University denies all of the allegations
21 of this paragraph insofar as they pertain to Demitropoulos or the University.  The
22 University lacks sufficient information to form a belief as to the truth of the allegations
23 of this paragraph insofar as they pertain to others, and therefore denies the same.

24   49.	Responding to paragraph 49, the University denies all of the allegations
25 of this paragraph insofar as they pertain to Demitropoulos or the University.  The
26 University lacks sufficient information to form a belief as to the truth of the allegations
27 of this paragraph insofar as they pertain to others, and therefore denies the same.
28 / / /

1    50.    Responding to paragraph 50, the University denies all of the allegations of this paragraph insofar as they pertain to Demitropoulos or the University.  The University lacks sufficient information to form a belief as to the truth of the allegations of this paragraph insofar as they pertain to others, and therefore denies the same.

51.    Responding to paragraph 51, the University denies all of the allegations of this paragraph insofar as they pertain to Demitropoulos or the University.  The University lacks sufficient information to form a belief as to the truth of the allegations of this paragraph insofar as they pertain to others, and therefore denies the same.

52.    Responding to paragraph 52, the University denies all of the allegations of this paragraph insofar as they pertain to Demitropoulos or the University.  The University lacks sufficient information to form a belief as to the truth of the allegations of this paragraph insofar as they pertain to others, and therefore denies the same.

## COUNT I

### 42 U.S.C. § 1983

**(PLEICH, BOND, RASMUSSEN, DEMITROPOULOS AND DOES I-X)**

53.    Responding to paragraph 53, the University adopts by reference and incorporates herein all of its responses to paragraphs 1 through 52, inclusive, as if set forth in full at this point.

54.    Responding to paragraph 54, the University denies all of the allegations of this paragraph insofar as they pertain to Demitropoulos or the University.  The University lacks sufficient information to form a belief as to the truth of the allegations of this paragraph insofar as they pertain to others, and therefore denies the same.

55.    Responding to paragraph 55, the University denies all of the allegations of this paragraph insofar as they pertain to Demitropoulos or the University.  The University lacks sufficient information to form a belief as to the truth of the allegations of this paragraph insofar as they pertain to others, and therefore denies the same.

/ / /

/ / /

1    56.	Responding to paragraph 56, the University denies all of the allegations of this paragraph insofar as they pertain to Demitropoulos or the University.  The University lacks sufficient information to form a belief as to the truth of the allegations of this paragraph insofar as they pertain to others, and therefore denies the same.

57.	Responding to paragraph 57, the University denies all of the allegations of this paragraph insofar as they pertain to Demitropoulos or the University.  The University lacks sufficient information to form a belief as to the truth of the allegations of this paragraph insofar as they pertain to others, and therefore denies the same.

58.	Responding to paragraph 58, the University denies all of the allegations of this paragraph insofar as they pertain to Demitropoulos or the University.  The University lacks sufficient information to form a belief as to the truth of the allegations of this paragraph insofar as they pertain to others, and therefore denies the same.

59.	Responding to paragraph 59, the University denies all of the allegations of this paragraph insofar as they pertain to Demitropoulos or the University.  The University lacks sufficient information to form a belief as to the truth of the allegations of this paragraph insofar as they pertain to others, and therefore denies the same.

## COUNT II

### 42 U.S.C. § 1983

### (CITY, RPD AND DOES I-X)

60.	Responding to paragraph 60, the University adopts by reference and incorporates herein all of its responses to paragraphs 1 through 59 inclusive, as if set forth in full at this point.

61.	Responding to paragraph 61, the University denies all of the allegations of this paragraph insofar as they pertain to Demitropoulos or the University.  The University lacks sufficient information to form a belief as to the truth of the allegations of this paragraph insofar as they pertain to others, and therefore denies the same.

62.	Responding to paragraph 62, the allegations of this paragraph do not apply to this answering Defendant, such that no response is necessary.  Should the

allegations of this paragraph be interpreted to apply to Demitropoulos or the University, they are expressly denied.

63. Responding to paragraph 63, the allegations of this paragraph do not apply to this answering Defendant, such that no response is necessary. Should the allegations of this paragraph be interpreted to apply to Demitropoulos or the University, they are expressly denied.

64. Responding to paragraph 64, the University denies all of the allegations of this paragraph insofar as they pertain to Demitropoulos or the University. The University lacks sufficient information to form a belief as to the truth of the allegations of this paragraph insofar as they pertain to others, and therefore denies the same.

65. Responding to paragraph 65, the University denies all of the allegations of this paragraph insofar as they pertain to Demitropoulos or the University. The University lacks sufficient information to form a belief as to the truth of the allegations of this paragraph insofar as they pertain to others, and therefore denies the same.

66. Responding to paragraph 66, the allegations of this paragraph do not apply to this answering Defendant, such that no response is necessary. Should the allegations of this paragraph be interpreted to apply to Demitropoulos or the University, they are expressly denied.

67. Responding to paragraph 67, the University denies all of the allegations of this paragraph insofar as they pertain to Demitropoulos or the University. The University lacks sufficient information to form a belief as to the truth of the allegations of this paragraph insofar as they pertain to others, and therefore denies the same.

68. Responding to paragraph 68, the allegations of this paragraph do not apply to this answering Defendant, such that no response is necessary. Should the allegations of this paragraph be interpreted to apply to Demitropoulos or the University, they are expressly denied.

69. Responding to paragraph 6, the allegations of this paragraph do not apply to this answering Defendant, such that no response is necessary. Should the

allegations of this paragraph be interpreted to apply to Demitropoulos or the University, they are expressly denied.

## COUNT III

## NEGLIGENCE

## (ALL DEFENDANTS)

70. Responding to paragraph 70, the University adopts by reference and incorporates herein all of its responses to paragraphs 1 through 69 inclusive, as if set forth in full at this point.

71. The University denies all of the allegations of this paragraph insofar as they pertain to Demitropoulos or the University, but admits that Demitropoulos acted at all times with due care.  The University lacks sufficient information to form a belief as to the truth of the allegations of this paragraph insofar as they pertain to others, and therefore denies the same.

72. Responding to paragraph 72, the University denies all of the allegations of this paragraph insofar as they pertain to Demitropoulos or the University. The University lacks sufficient information to form a belief as to the truth of the allegations of this paragraph insofar as they pertain to others, and therefore denies the same.

73. Responding to paragraph 73, the University denies all of the allegations of this paragraph insofar as they pertain to Demitropoulos or the University.  The University lacks sufficient information to form a belief as to the truth of the allegations of this paragraph insofar as they pertain to others, and therefore denies the same.

74. Responding to paragraph 74, the University denies all of the allegations of this paragraph insofar as they pertain to Demitropoulos or the University.  The University lacks sufficient information to form a belief as to the truth of the allegations of this paragraph insofar as they pertain to others, and therefore denies the same.

75. Responding to paragraph 75, the University denies all of the allegations of this paragraph insofar as they pertain to Demitropoulos or the University.  The

University lacks sufficient information to form a belief as to the truth of the allegations of this paragraph insofar as they pertain to others, and therefore denies the same.

76. Responding to paragraph 76, the University denies all of the allegations of this paragraph insofar as they pertain to Demitropoulos or the University. The University lacks sufficient information to form a belief as to the truth of the allegations of this paragraph insofar as they pertain to others, and therefore denies the same.

## COUNT IV
## ASSAULT AND BATTERY
## (ALL DEFENDANTS)

77. Responding to paragraph 77, the University adopts by reference and incorporates herein all of its responses to paragraphs 1 through 76 inclusive, as if set forth in full at this point.

78. Responding to paragraph 78, the University denies all of the allegations of this paragraph insofar as they pertain to Demitropoulos or the University. The University lacks sufficient information to form a belief as to the truth of the allegations of this paragraph insofar as they pertain to others, and therefore denies the same.

79. Responding to paragraph 79, the University denies all of the allegations of this paragraph insofar as they pertain to Demitropoulos or the University. The University lacks sufficient information to form a belief as to the truth of the allegations of this paragraph insofar as they pertain to others, and therefore denies the same.

## COUNT V
## WRONGFUL DEATH
## (ALL DEFENDANTS)

80. Responding to paragraph 80, the University adopts by reference and incorporates herein all of its responses to paragraphs 1 through 80 inclusive, as if set forth in full at this point.

/ / /

/ / /

81. Responding to paragraph 81, the University lacks sufficient information to form a belief as to the truth of the allegations of this paragraph, and therefore denies the same.

82. Responding to paragraph 82, the University denies that plaintiffs have standing to bring an action on behalf of others not named as plaintiffs to this action.

83. Responding to paragraph 83, the University denies all of the allegations of this paragraph insofar as they pertain to Demitropoulos or the University. The University lacks sufficient information to form a belief as to the truth of the allegations of this paragraph insofar as they pertain to others, and therefore denies the same.

84. Responding to paragraph 84, the University denies all of the allegations of this paragraph insofar as they pertain to Demitropoulos or the University. The University lacks sufficient information to form a belief as to the truth of the allegations of this paragraph insofar as they pertain to others, and therefore denies the same.

## AFFIRMATIVE DEFENSES

As and for his Affirmative Defenses, Defendant alleges and avers as follows:

### First Affirmative Defense

The Third Amended Complaint fails to state any claim upon which relief can be granted in favor of the Plaintiffs or against this Defendant.

### Second Affirmative Defense

At all times and places relevant hereto, the Defendant acted in good faith, with justification and probable cause, and without malice toward the Decedent or Plaintiffs.

### Third Affirmative Defense

Plaintiffs are estopped by Decedent's own conduct from maintaining any of the claims for relief set forth in the Third Amended Complaint.

### Fourth Affirmative Defense

Plaintiffs' Decedent has waived each of the claims for relief set forth in

the Third Amended Complaint, which waiver is imputed to Plaintiffs.

### Fifth Affirmative Defense

Plaintiffs' suit is barred by the doctrine of unclean hands.

### Sixth Affirmative Defense

The claims for relief in the Third Amended Complaint allege acts or omissions of employees or agents of the University of Nevada, Reno that occurred in the execution of a statute, ordinance or other legal regulation, while exercising due care, and are therefore barred by NRS 41.032.

### Seventh Affirmative Defense

NRS 41.035 limits the amount of recovery against an employee of a political subdivision of the State of Nevada and against the political subdivision to $100,000.00.

### Eighth Affirmative Defense

The claims for relief in the Third Amended Complaint allege performance or non-performance of discretionary functions within the scope of the Defendant's official duties and are therefore barred by NRS 41.032.

### Ninth Affirmative Defense

Punitive or exemplary damages are barred by NRS 41.035.

### Tenth Affirmative Defense

Defendant is entitled to qualified good faith immunity.

### Eleventh Affirmative Defense

The actions of the Defendant were privileged.

### Twelfth Affirmative Defense

Without admitting that the Decedent's civil rights were violated in any fashion, the Defendant is shielded from liability for civil damages, because the Defendant's alleged conduct, as set forth in the Third Amended Complaint, did not violate clearly established statutory and/or constitutional rights of which a reasonable person would have known.

/ / /

**Thirteenth Affirmative Defense**

Defendant is informed and believes and thereupon avers that at all times and places relevant hereto Plaintiffs' Decedent was negligent, at fault and otherwise responsible for the matters which are the subject of this litigation, with such negligence, fault or responsibility proximately causing and contributing to any alleged injuries and damages, and with such negligence being imputed to Plaintiffs.

**Fourteenth Affirmative Defense**

1. Defendant adopts by reference and incorporates herein the preceding affirmative defense.

2. At all times denying any negligence, fault or responsibility on Defendant's behalf, Defendant avers that the contributory negligence, fault or responsibility of Plaintiffs' Decedent must be compared to that of this Defendant, if any, in accordance with the laws of the State of Nevada, with such comparative negligence being imputed to plaintiffs.

**Fifteenth Affirmative Defense**

On information and belief, at all times and places alleged in Plaintiffs' complaint, the negligence, misconduct and fault of the Plaintiffs' Decedent exceeds that of this Defendant, if any, and with imputation of such negligence, misconduct and fault to Plaintiffs, Plaintiffs are thereby barred from recovery against this Defendant.

**Sixteenth Affirmative Defense**

1. Defendant adopts by reference and incorporates herein the preceding two affirmative defenses.

2. At all times denying any negligence, fault or responsibility on Defendant's behalf, Defendant avers that if Defendant is found to be negligent, at fault or otherwise responsible for Plaintiffs' injuries or damages, if any there were but without admitting the same, the principles of law and equity relative to comparative negligence and fault require that the proportionate or relative degrees of negligence, fault or responsibility of all parties involved in the incident be ascertained so that this Defendant be liable to Plaintiffs, if at all,

for no more than an amount equal to this Defendant's proportionate or relative degree of negligence, fault or responsibility, if any there is.

### Seventeenth Affirmative Defense

Defendant is informed and believes and thereupon avers that Plaintiffs' Decedent consented to the matters referred to in the complaint.

### Eighteenth Affirmative Defense

At all times and places relevant hereto this Defendant and its agents or employees acted in good faith, with justification and with probable cause and without malice toward Plaintiffs' Decedent or Plaintiffs. All acts and conduct of this Defendant and its agents and employees were within the jurisdiction of their official authority and were done by virtue of and under the laws of the State of Nevada.

### Nineteenth Affirmative Defense

Without admitting that punitive damages are appropriate in this case, Defendant avers that fairness and justice require that Plaintiffs prove a claim for punitive damages by clear and convincing evidence.

### Twentieth Affirmative Defense

Without admitting the Plaintiffs are entitled to punitive damages, punitive damages constitute excessive fines prohibited by the United States and Nevada Constitutions. Further, NRS 42.010 does not provide adequate standards and/or safeguards for its application and is therefore void for vagueness under the due process clause of the Fourteenth Amendment to the United States Constitution and in accordance with Article 1, §8 of the Nevada Constitution.

### Twenty-First Affirmative Defense

The University is not a person as defined under 42 U.S.C. § 1983, and therefore is not subject to liability under that statute.

### Twenty-Second Affirmative Defense

The State of Nevada has reserved its immunity from suit under the Eleventh Amendment to the United States Constitution, with such immunity extending to political

1  subdivisions of the State.  Therefore, the University is immune from suit for any claims
2  asserted under 42 U.S.C. § 1983.
3       Pursuant to the provisions of Rule 11 of the Federal Rules of Civil Procedure, at
4  the time of the filing of Defendant's answer, all possible affirmative defenses may not
5  have been alleged inasmuch as insufficient facts and other relevant information may not
6  have been available after reasonable inquiry, and therefore, Defendant reserves the
7  right to amend this answer to allege additional affirmative defenses if subsequent
8  investigation warrants the same.
9       WHEREFORE, this answering Defendant requests the following:
10       1.    That judgment be entered in favor of Defendant on each of the causes of
11  action and claims set forth in the Third Amended Complaint;
12       2.    That Plaintiffs take nothing by reason of the Third Amended Complaint;
13       3.    That Defendant be awarded its reasonable attorney's fees incurred in
14  defending this matter;
15       4.    That Defendant be awarded its reasonable costs incurred in defending this
16  matter;
17       5.    For such other and further relief as the Court deems appropriate.
18
19  Respectfully submitted, this 31st day of October, 2013.
20
21            /S/ Gary A. Cardinal
          GARY A. CARDINAL
22            Assistant General Counsel
          NV Bar No. 76
23            University of Nevada, Reno
          1664 North Virginia Street/MS 0550
24            Reno, Nevada  89557-0550
          (775) 784-3495
25            *Attorney for Defendant*
26            *NSHE*
27
28

# CERTIFICATE OF SERVICE

I hereby certify that I am an employee of the University of Nevada, Reno, over the age of eighteen years, that I am not a party to the within action, and that on the 31st day of October, 2013, I electronically filed the foregoing **DEFENDANT BOARD OF REGENTS FOR THE NEVADA SYSTEM OF HIGHER EDUCATION OBO THE UNIVERSITY OF NEVADA, RENO'S ANSWER TO THIRD AMENDED COMPLAINT**, with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the listed parties below and served the following parties by U.S. mail, postage prepaid, addressed to:

Richard A. Salvatore, Esq.
Hardy Law Group
96 & 98 Winter Street
Reno, NV  89503

Cal J. Potter, III, Esq.
Potter Law Offices
1125 Shadow Lane
Las Vegas, NV  89102

Jack Campbell, Esq.
Reno City Attorney's Office
1 East First Street
PO Box 1900
Reno, NV  89505-1900

　　　　　　　　　　　　　　　　　　/s/  Michelle A. Ene
　　　　　　　　　　　　　　　　　　Employee of the University of Nevada, Reno