RICHARD A. SALVATORE, ESQ.
State Bar No. 6809
HARDY LAW GROUP
96 & 98 Winter Street
Reno, NV 89503
(775) 786-5800
*Rich@Hardylawgroup.com*

CAL J. POTTER, III, ESQ.
State Bar No. 1988
POTTER LAW OFFICES
1125 Shadow Lane
Las Vegas, Nevada 89102
*cpotter@potterlawoffices.com*

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| DENISE ABBEY, individually, and as special administrator of the ESTATE OF MICAH ABBEY,<br><br>    Plaintiffs,<br>vs.<br><br>CITY OF RENO; RENO POLICE DEPARTMENT; KEITH PLEICH individually and in his official capacity as a Police Officer for CITY OF RENO AND RENO POLICE DEPARTMENT; DANIEL BOND individually and in his official Capacity as a Police Officer for CITY OF RENO and RENO POLICE DEPARTMENT; SCOTT RASMUSSEN Individually and in his official Capacity as a Police Officer for CITY OF RENO and RENO POLICE DEPARMENT; BRAD DEMITROPOULOS; BOARD OF REGENTS FOR THE NEVADA SYSTEM OF HIGHER EDUCATION ON BEHALF OF THE UNIVERSITY OF NEVADA, RENO; and DOES I through X, inclusive,<br><br>    Defendants.<br>_____/ | Case No. 3:13-cv-00347-LRH-VPC<br><br>**PLAINTIFFS' INDIVIDUAL CASE MANAGEMENT CONFERENCE REPORT** |

Plaintiffs, by and through their undersigned counsel hereby submit the following Individual Case Management Report, pursuant to the Court's Minute Order In Chambers:

///

Plaintiffs' counsel, attempted to jointly complete this Case Management Conference Report, but has not been successful. As such, Plaintiffs file this individual report. All counsel are meeting next week for the scheduled *FRCP 26(f)* meeting, and it is my understanding, that Defendants will be in a position to complete a Joint Case Management Conference Report, once the parties have completed the FRCP 26(f) meeting.

**A.  Case Management Report:**

    **1.  Short Statement of the Case.**

This is a civil rights wrongful death/survival action arising from Defendants' alleged use of excessive force and negligence, resulting in the death of Micah Abbey, deceased on December 25, 2011, in the City of Reno, Washoe County, Nevada.

This case arises out of the alleged wrongful death of thirty-three year old MICAH ABBEY at the hands of several City of Reno and Reno Police Department Officers as well as a University of Nevada, Reno Police Officer, during the night of December 25, 2011.

Plaintiff, Denise Abbey, is the surviving mother of MICAH ABBEY, and sues individually and as the special administrator of the ESTATE OF MICAH ABBEY.

On December 25, 2011, Decedent, Micah Abbey, resided at 9801 Crystalline Drive, Reno, Nevada, which was owned by Project Uplift and contracted with Northern Nevada Adult Mental Health Services to house residents with mental and/or emotional problems to transition them to living on their own.

On December 25, 2011, Micah Abbey had a confrontation with his home manager, which resulted in law enforcement being called. Defendant Officers arrived and attempted to place Micah Abbey in custody. Plaintiffs maintain Defendant Officers used excessive force. After a lengthy struggle between Micah Abbey and Defendant Officers, Micah Abbey died.

Plaintiffs maintain claims under 42 U.S.C. § 1983; 42 U.S.C. § 1983 – MONELL CLAIMS; as well as state court claims including Negligence, Assault and Battery, and Wrongful Death. Plaintiff requested relief including compensatory damages, punitive damages, and injunctive relief.

Defendants generally deny the allegations, and assert numerous affirmative defenses.

///

**2.     Principle factual and Legal Disputes.**

Based upon the Answers by Defendants, any and all factual and legal disputes related to each and every claim are disputed.

**3.     Jurisdiction.**

This is a civil rights wrongful death/survival action arising from Defendants' alleged use of excessive force and negligence, resulting in the death of Micah Abbey, deceased on December 25, 2011, in the City of Reno, Washoe County, Nevada. This Court has jurisdiction over this action against the Defendants pursuant to 42 U.S.C. §1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution, as well as the laws and Constitution of the State of Nevada. Jurisdiction is foundered upon 28 U.S.C. §1331 and 1343(a)(3) and (4), and the aforementioned statutory and constitutional provisions. This Court has jurisdiction over the pendant state law tort claims pursuant to 28 U.S.C. §1367.

Venue is properly vested in this Court because Plaintiffs and the Defendants are residents of the District of Nevada, and the acts complained of occurred within the jurisdiction of the District of Nevada (specifically, Washoe County).

**4.     Parties Not Served.**

At this time, none.

**5.     Whether additional parties expect to be added or whether pleadings need to be amended.**

At this time, none.

**6.     A list of contemplated motions.**

For Plaintiffs, at this time, none.

For Defendants: All Defendants reserve the right to file Motions to Dismiss and/or Motions for Summary Judgment as deemed appropriate.

**7.     Pending motions which may affect the parties' ability to comply with a case management order.**

At this time, none.

///

8. **Related Cases.**

None.

9. **Further discussion on discovery.**

The parties will submit a *Stipulated Discovery Plan and Plaintiff will submit a Special Scheduling Review Requested.* At this time, it is not known whether Defendants will submit a request for a Special Scheduling Review.

10. **Issues related to electronic discovery.**

At this time, none.

11. **Issues of privilege and work product.**

At this time, no issues of privilege or work product. Requests for discovery of personnel files will raise issues of statutory confidentiality, which may require a court order to produce and/or a protective order.

12. **The Court has not approved a discovery plan and scheduling order, and the parties propose the following:**

    a.    Deadline for the completion of fact discovery: At this time, the parties cannot agree on a proposed date for completion of fact discovery.

    b.    Expert disclosure: 90 days before trial. Rebuttal Expert: 30 days after initial expert disclosure.

    c.    Deadline to complete expert depositions: 30 days before trial.

    d.    Deadline for good faith settlement discussions: 60 days before trial.

13. **Jury Request, and whether it is contested.**

At this time, a jury request has been filed. The request for jury is not contested by any party.

14. **Estimated length of Trial.**

Seven (7) to ten (10) days.

15. **Settlement.**

Plaintiff must perform additional discovery in advance of settlement discussions.

///

///

**16.    Any other matters.**

When all parties agree on the Joint Case Management Conference Report, Plaintiff anticipates submitting a *Stipulated Discovery Plan and a Special Scheduling Review Request.*

/ss/
RICHARD A. SALVATORE, ESQ.
HARDY LAW GROUP
96 & 98 Winter Street
Reno, Nevada 89503
(775) 786-5800
Attorney for Plaintiff **Denise Abbey**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies, under penalty of perjury, that I am an employee in the office of Hardy Law Group, Richard A. Salvatore, Esq. and that pursuant to LCR 47-11, I electronically filed on this date, a true and correct copy of **INDIVIDUAL CASE MANAGEMENT CONFERENCE REPORT** with the Clerk of the Court, using the CM/ECF system, which will automatically e-serve the same on the attorney(s) of record set forth below:

Gary A. Cardinal, Esq.
University of Nevada, Reno
1664 N. Virginia Street/MS 0550
Reno, NV 89557

Jack D. Campbell, Esq.
Office of the Reno City Attorney
One E. First Street, 3rd Floor
PO Box 1900
Reno, NV 89505-1900

DATED this ___ day of November, 2013.

_Erin Di Pietro_
Erin Di Pietro, Legal Assistant to
Richard A. Salvatore, Esq.