UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DENISE ABBEY, individually, and as special administrator of the ESTATE OF MICAH ABBEY,<br><br>  Plaintiff,<br><br>v.<br><br>CITY OF RENO; et al.,<br><br>  Defendants. | 3:13-cv-0347-LRH-VPC<br><br>ORDER |

Before the court is defendants the City of Reno, Reno Police Department, Keith Pleich, Daniel Bond, and Scott Rasmussen's (collectively "defendants") motion in limine to exclude expert testimony. Doc. #50. Plaintiff Denise Abbey ("Abbey") filed an opposition to the motion. Doc. #57.

**I.  Facts and Procedural History**

On December 25, 2011, non-party Micah Abbey was killed in an altercation with police officers of the Reno Police Department ("RPD"). On June 28, 2013, plaintiff Abbey, the deceased's mother, filed a complaint for excessive force and wrongful death. Doc. #1. During discovery, Abbey identified economist Robert W. Johnson ("Johnson") as her damages expert. Thereafter, defendants filed the present motion in limine to exclude Johnson's expert testimony. Doc. #50.

## II. Legal Standard

A motion in limine is used to preclude prejudicial or objectionable evidence before it is presented to the jury. Stephanie Hoit Lee & David N. Finley, *Federal Motions in Limine* § 1:1 (2012). The decision on a motion in limine is consigned to the district court's discretion - including the decision of whether to rule before trial at all. *See Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993) (noting that a court may wait to resolve the evidentiary issues at trial, where the evidence can be viewed in its "proper context"). Motions in limine should not be used to resolve factual disputes or to weigh evidence, and evidence should not be excluded prior to trial unless "the evidence [is] inadmissible on all potential grounds." *See, e.g., Indiana Insurance Co. v. General Electric Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004).

## III. Discussion

In their motion, defendants seek an order excluding plaintiff Abbey's identified damages expert as an expert witness in this action. Defendants argue that Johnson's testimony is unreliable because he employed discredited methodology in reaching his damages computation and, therefore, his testimony should be excluded under Rule 702 and in accordance with the *Daubert* evidence trilogy: *Daubert v. Merrell-Dow Pharms., Inc.*, 509 U.S. 579 (1993); *General Electric Co. v. Joiner*, 522 U.S. 136 (1998); *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999).

The court has reviewed the documents and pleadings in this matter and finds that defendants' motion in limine is premature. Generally, a motion in limine should not be adjudicated until the eve of trial and after a pre-trial order has been filed. *See Jones v. Harris*, 665 F. Supp. 2d 394 (S.D. NY 2009). Here, the parties have not yet filed a pre-trial order. In fact, discovery in this action is still ongoing and neither party has filed any dispositive motions. Thus, there is no context for the court to determine the admissibility and relevancy of Johnson's expert report and testimony at this time. Therefore, the court shall deny defendants' motion without prejudice.

///

1    IT IS THEREFORE ORDERED that defendants' motion in limine (Doc. #50) is DENIED
2 without prejudice.
3    IT IS SO ORDERED.
4    DATED this 6th day of May, 2014.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE