**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 04 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DENISE ABBEY, individually and as special administrator of the Estate of Micah Abbey,<br><br>        Plaintiff-Appellant,<br><br> v.<br><br>CITY OF RENO; RENO POLICE DEPARTMENT; KEITH PLEICH, Individually and in his Official Capacity as a Police Officer; DANIEL BOND, Individually and in his Official Capacity as a Police Officer; SCOTT RASMUSSEN, Individually and in his Official Capacity as a Police Officer,<br><br>        Defendants-Appellees,<br><br> and<br><br>BRAD DEMITROPOULIS; BOARD OF REGENTS FOR THE NEVADA SYSTEM OF HIGHER EDUCATION ON BEHALF OF THE UNIVERSITY OF NEVADA, RENO,<br><br>        Defendants. | No.   15-15863<br><br>D.C. No.<br>3:13-cv-00347-LRH-VPC<br><br>MEMORANDUM[*] |

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Argued and Submitted April 18, 2017
San Francisco, California

Before: SCHROEDER and RAWLINSON, Circuit Judges, and DRAIN,[**] District Judge.

Denise Abbey appeals the district court's grant of summary judgment on her 42 U.S.C. § 1983 claim against defendants the City of Reno, the Reno Police Department, and individual police officers. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Abbey contends that the officers were not entitled to qualified immunity for the death of her son, Micah. His death followed an altercation between Micah and the officers at a mental health group home. The issue we must decide is whether the force used by the officers was excessive. This is because the Supreme Court held that police officers are entitled to qualified immunity if they did not use excessive force, meaning they did not act in an objectively unreasonable manner given the circumstances. *Graham v. Connor*, 490 U.S. 386, 397 (1989). To assess

---

[**] The Honorable Gershwin A. Drain, United States District Judge for the Eastern District of Michigan, sitting by designation.

the reasonableness of the officers' actions, we must compare the amount of force used with the government interests at stake. *Id.* at 396.

Viewing the facts in the light most favorable to the plaintiff, Abbey, we must agree with the district court that the officers did not use excessive force. The government's interest in procuring Micah's arrest was extremely high. Micah had threatened the officers and others with violence; tried to grab an officer's baton; attempted to flee; and actively resisted arrest before and during the altercation, including after being handcuffed. *See id.* (laying out factors for assessing the government's interest). The coroner's report also shows that, at the time of the altercation, Micah had in his system a form of synthetic marijuana, which medical records indicate had previously made him "psychotic." The officers resorted to forcible restraint after less forceful means, including taser, failed to subdue Micah. The case is very different from *Drummond ex rel. Drummond v. City of Anaheim*, where the victim offered no resistance after being handcuffed. *See* 343 F.3d 1052, 1058–59, 1061 (9th Cir. 2003).

We assume the officers' actions constituted deadly force, but such force would not have been what our law recognizes as excessive, given the high degree of danger that Micah presented to the officers and others at the group home. "A police officer may reasonably use deadly force where he has probable cause to

believe that the suspect poses a threat of serious physical harm, either to the officer or to others." *Billington v. Smith*, 292 F.3d 1177, 1184 (9th Cir. 2002) (internal quotation marks omitted). The district court properly concluded that the individual officers were entitled to qualified immunity.

Because the officers were entitled to qualified immunity, so too were the municipal defendants in this case. *See Tatum v. City & Cty. of San Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006). The district court therefore did not err in granting summary judgment in favor of all defendants.

While we regret that the confrontation between Micah and responding officers came to such a tragic end, given the facts of the case, we are unable to conclude excessive force was used.

**AFFIRMED**.